# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GLYNDLYN COSEY

VERSUS

WAL-MART LOUISIANA, LLC,
WALMART INC., AND WAL-MART
REAL ESTATE BUSINESS TRUST

CIVIL ACTION NO.

19-554-SDD-EWD

## NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Glyndlyn Cosey ("Plaintiff") based upon the injuries she allegedly sustained on April 8, 2019 when she allegedly slipped and fell on a wet floor mat at the entrance of a Walmart store located in Ascension Parish, Louisiana (the "Accident").[1] On July 19, 2019, Plaintiff filed her Petition for Damages ("Petition") against Wal-Mart Louisiana, LLC, Walmart, Inc., and Wal-Mart Real Estate Business Trust (collectively, "Defendants"), who are alleged to be the owners/controllers of the Walmart store in question. Plaintiff alleges that she suffered personal injuries as a result of the Accident which were caused by the negligence of Defendants.[2] On August 22, 2019, Defendants removed the matter to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332.[3] However, Defendants have not shown that complete diversity exists because their citizenship allegations are deficient. Further, Defendant have not shown that the amount in controversy is met. Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] R. Doc. 1-2, ¶¶ III, VI-VII.
[2] R. Doc. 1-2, ¶¶ I, III, VIII-X.
[3] R. Doc. 1, ¶¶ 5, 14.

**Complete Diversity**

Citizenship has been properly alleged as to Defendants in the Notice of Removal.[4] However, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to Plaintiff. Specifically, Paragraph 12 of the Notice of Removal states that "Plaintiff is a resident of the State of Louisiana."[5] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[6] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[7] Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile. Accordingly, Defendants must properly identify the citizenship of Plaintiff, *i.e.,* her domicile.

**Amount in Controversy**

It is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332. Plaintiff's Petition merely alleges that she "sustained injuries to her body and mind including, without limitation, injuries to her left shoulder requiring surgical repair, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life," for which Plaintiff seeks "past and future expenses for medical care; impairment; other expenses including,

---

[4] *See* R. Doc. 1, ¶ 9 (alleging that Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas); ¶ 10 (alleging that Wal-Mart Louisiana, L.L.C. is a limited liability company whose ultimate underlying member is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Arkansas); and ¶ 11 (alleging that Wal-Mart Real Estate Business Trust is a business trust whose beneficial shares are owned 100% by Wal-Mart Property Co., which is a Delaware corporation with its principal place of business in Arkansas. Regarding the citizenship of a trust, *see Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24,* 866 F.3d 351, 357 (5th Cir. 2017) (when a trust is sued in its own name, it takes the citizenship of each of its members), *citing Americold Realty Trust v. Conagra Foods, Inc.,* ––– U.S. –––, 136 S.Ct. 1012, 1016, 194 L.Ed.2d 71 (2016)).
[5] R. Doc. 1, ¶ 12.
[6] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[7] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).

without limitation, travel to doctor appointments; and lost wages…[as well as] damages as are reasonable in the premises" and legal interest and costs.[8] The Notice of Removal also references the foregoing;[9] however, pleading only general injuries and general categories of damages is insufficient to establish that the federal jurisdictional minimum is reached.[10] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[11] Further, although the Petition references a surgical repair, there is no description regarding the nature or extent of the surgery.[12] There is also no description of any other actual injury suffered by Plaintiff, the actual amount of medical expenses Plaintiff has incurred thus far, Plaintiff's prognosis and recommended future treatment, and whether Plaintiff is working/can work. Defendants have not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy.

Further, in the Notice of Removal, Defendants rely on the lack of an allegation by Plaintiff in her Petition that her damages do not exceed the federal jurisdictional minimum as required by

---

[8] R. Doc. 1-2, ¶ X and prayer for damages.
[9] R. Doc. 1, ¶ 4.
[10] *See Davis v. JK & T Wings, Inc.*, 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[11] *See Anderson v. Swift Transportation Company of Arizona, LLC*, No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (*citing Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).
[12] *See Hays v. Wal-Mart Louisiana, LLC*, 09-1003, 2009 WL 10694646, at *3 (W.D. La. Aug. 3, 2009) (finding it was not facially apparent from the petition that amount in controversy was met where the petition stated that the plaintiff sustained an injury that required surgery, but did not provides specifics as to the type of surgery, *i.e.*, "major versus minor, in-patient versus out-patient, or arthroscopic versus invasive.")

3

La. C.C.P. art. 893(A)(1);[13] however, this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[14] Likewise, the fact that Plaintiff did not include a stipulation in her Petition wherein she renounced the right to accept a judgment in excess of $75,000[15] is also only one factor to be considered and is not determinative of the amount in controversy.[16]

Finally, Defendants have not indicated whether Plaintiff has made any settlement demands in this case, nor introduced any other evidence that would indicate that the amount in controversy requirement is met (*i.e.*, medical records, evidence of lost wages, discovery admissions, etc.).

It is thus unclear from the Petition and the Notice of Removal whether there is complete diversity among the parties and whether the amount in controversy is satisfied. Although Plaintiff

---

[13] R. Doc. 1, ¶ 4, Louisiana Code of Civil Procedure Article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."

[14] *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy."). *See also Haydel v. State Farm Mut. Auto. Ins. Co.*, No. 07-939, 2008 WL 2781472, at *5 (M.D. La. July 11, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (*citing Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, No. 06-697, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007); and *Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy.

[15] R. Doc. 1, ¶ 7, *citing Davis v. State Farm Fire & Cas*., No. 06-0560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).

[16] *See Johnson v. Petsmart, Inc.,* No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (Brown, J.) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006) (Africk, J.); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) (Vance, J.) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').")

has not filed a Motion to Remand in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[17]

Accordingly,

**IT IS HEREBY ORDERED** that **on or before September 3, 2019,** Defendants Wal-Mart Louisiana, LLC, Walmart, Inc., and Wal-Mart Real Estate Business Trust shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal, that contains all of Defendants' numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Plaintiff Glyndlyn Cosey.

**IT IS FURTHER ORDERED** that **on or before September 6, 2019,** Defendants Wal-Mart Louisiana, LLC, Walmart, Inc., and Wal-Mart Real Estate Business Trust shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that **on or before September 13, 2019,** Plaintiff Glyndlyn Cosey shall file either: (1) a Notice stating that Plaintiff agrees that Defendants have established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[18] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, August 26, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[18] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).